**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Oscar Rene ROMERO, Defendant–Appellant.**

No. 04–20999.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 3, 2006.

---

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM: *

Oscar Rene Romero appeals the 88–month sentence he received following his conviction by a jury of possessing with the intent to distribute and importation of more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841, 952, and 960. He contends, inter alia, that the district court erred in sentencing him pursuant to the mandatory Guidelines regime held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. *See United States v. Garza,* 429 F.3d 165, 170 (5th Cir.2005); *United States v. Walters,* 418 F.3d 461, 464 (5th Cir.2005). We further hold that Romero's remaining contentions, all of which arise from the jury's determination of the amount of drugs involved in his offense, are unavailing. As to those contentions, the judgment of the district court is AFFIRMED.

Accordingly, Romero's sentence is VACATED, and the case is REMANDED for further proceedings. *See id.* at 466.

AFFIRMED IN PART; SENTENCE VACATED AND REMANDED IN PART FOR FURTHER PROCEEDINGS.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.